IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.                                                    Criminal Action No. 2:20-cr-40

MARTEL JOFFRION,
                Defendant.

## ORDER

This matter comes before the Court on its own initiative to set a new trial date. Judge Novak transferred this case to the undersigned on September 16, 2020. On July 30, 2020, Judge Novak excluded the period between September 14, 2020, and January 24, 2021, from the Speedy Trial calculation in this matter because of "Chief Judge Davis's findings in General Orders 2020-06, 2020-16 and 2020-20, the circumstances of this case, the fact that Defendant has been released pending trial, and both counsel and the undersigned's belief that a safe and fair jury trial would not be possible any earlier." (Dk. No. 23, at 5.) The undersigned reiterates those findings here.

Further, due to both the continued prevalence of and danger created by the COVID-19 pandemic and the circumstances of this case, the Court FINDS that the ends of justice served by setting a trial date beyond January 24, 2021, outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h). The Court, therefore, SCHEDULES this case for a jury trial beginning on February 3, 2020, at 9:00 a.m.

A party who objects to the Court's findings may file an objection within seven (7) days of this Order. The objection shall explain why the continuation period, in whole or in part, should not be excluded under the Speedy Trial Act. The Court will deem a failure to object as an agreement with the Court's findings.

Further, the Court replaces the pretrial deadlines set in the prior scheduling order, (Dk. No. 22), with the following pretrial deadlines:

1.  Within fourteen (14) days of this Order, the following motions are due: motions (1) challenging the sufficiency of the indictment, information, warrant, or violation notice; (2) raising any issues of venue or jurisdiction; (3) for discovery or production; (4) to suppress evidence; (5) for any mental examination; (6) objecting to use by the opposing party of any particular evidence known by a party that may be subject to pretrial ruling; and (7) raising any other pretrial matter. Response briefs are due within fourteen (14) days of the filing of the motion, and rebuttal briefs are due three (3) days thereafter.

2.  All other motions are due twenty-one (21) days before trial, unless a party shows good cause for filing later.

3.  Subpoenas are due fourteen (14) days before trial.

4.  Proposed voir dire questions and jury instructions are due seven (7) days before trial. The parties shall email their proposed voir dire questions and jury instructions to Chambers. The parties must submit jury instructions both with and without citations.

5.  If the parties wish to schedule a hearing on a motion, they should contact Chambers.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: _2 3_ September 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.                                             Criminal Action No. 2:20-cr-69

RONALD A. SMITH and
TERRI BETH MILLER,
                Defendants.

## **ORDER**

This matter comes before the Court on the parties' joint motion to set trial outside the time

limits of the Speedy Trial Act. On August 20, 2020, the government filed a criminal indictment

against the defendants. Terri Beth Miller made her initial appearance on August 21, 2020. Ronald

A. Smith made his initial appearance on August 24, 2020. On August 27, 2020, the defendants

waived formal arraignment. On August 31, 2020, the Court held a conference call to set a trial

date in this case.

The ongoing outbreak of Coronavirus Disease 2019 (COVID-19) has caused

unprecedented challenges in conducting criminal proceedings within the Speedy Trial Act period.

On March 12, 2020, in response to the first cases of COVID-19 in this district, Chief Judge Davis

issued General Order 2020-01, which implemented a "staged response" to the outbreak.[1] General

Order 2020-01 continued all misdemeanor, traffic, and petty offense dockets through April 30,

2020, and excluded the time period of the continuance from the calculation of the deadline for

commencing trial under the Speedy Trial Act (the "speedy trial calculation") because the ends of

---

[1] *See* General Order No. 2020-01, *In re: Court Operations under the Exigent Circumstances Created by the Outbreak of Coronavirus Disease 2019 (COVID-19): Misdemeanor, Traffic, and Petty Offense Dockets for All Divisions of the Eastern District of Virginia*, No. 2:20mc7 (E.D. Va. Mar. 12, 2020).

justice served by the continuance outweighed the interests of criminal defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

Responding to continued developments in the COVID-19 outbreak and the state of emergency declared by the Governor of Virginia, on March 13, 2020, Chief Judge Davis issued General Order 2020-02, which continued "all civil and criminal (grand and petit) jury empanelments, jury trials, and grand jury proceedings scheduled to commence from March 16, 2020[,] through April 17, 2020[,] before any district or magistrate judge in any courthouse in the Eastern District of Virginia."[2] Chief Judge Davis excluded this period from the speedy trial calculation, finding that "due to the Court's anticipated reduced ability to obtain an adequate spectrum of jurors, the risk posed to the jurors and the public, and the effect of the public health recommendations on the availability of counsel and Court staff to be present in the courtroom," the ends of justice served by the continuance outweighed the interests of criminal defendants and the public in a speedy trial. General Order No. 2020-2, at 3-4 (citing § 3161(h)(7)(A)).

On March 23, 2020, Chief Judge Davis more thoroughly explained the reasons for excluding March 16, 2020, through April 17, 2020, from the speedy trial calculation. Specifically, the Court found that: (1) "the process of selecting a grand or petit jury for federal proceedings in this District inherently involves a crowded courtroom, sometimes requiring prospective jurors to spend an entire day, or longer, crowded onto bench seats where they cannot avoid physical contact with the individuals sitting next to them;" (2) jury pools typically range from 45 to over 100 prospective jurors, who must be seated near each other during jury selection; (3) petit juries in criminal cases typically comprise twelve jurors and two alternates, all of whom must sit closely

---

[2] *See* General Order No. 2020-02, *In re: Court Operations under the Exigent Circumstances Created by the Outbreak of Coronavirus Disease 2019 (COVID-19): Jury Selections, Jury Trials, and Grand Jury Proceedings*, No. 2:20mc7, at 3 (E.D. Va. Mar. 13, 2020).

together and handle the same physical evidence in order to listen and deliberate effectively; (4) juries often include individuals within the age range identified by the Centers for Disease Control and Prevention as the most at risk of COVID-19 complications; and (5) even if a jury could be empaneled, jurors likely would be distracted by concerns for their own health and the health and safety of their families, undermining the fairness and integrity of the trial process and resulting in a miscarriage of justice.[3]  General Order No. 2020-06 further noted that securing witness testimony would prove more difficult during the COVID-19 outbreak, because witnesses may not appear due to concerns over their own health and obligations under government-mandated stay-at-home orders.

On March 24, 2020, repeating the above reasons and the continuing spread of COVID-19, Chief Judge Davis continued all jury trials through May 1, 2020, and excluded this period from the speedy trial calculation.[4]  On April 10, 2020, Chief Judge Davis continued all in-person proceedings in this district, including jury trials, through June 10, 2020.[5]  General Order 2020-12 excluded this additional period from the speedy trial calculation in light of the continued spread of COVID-19 and the findings outlined in General Order 2020-06.  On May 14, 2020, Chief Judge

---

[3] General Order No. 2020-06, *In re: Administrative Order Regarding Computation of Time Under the Speedy Trial Act, 18 U.S.C. § 3161*, No. 2:20mc7, at 2-4 (E.D. Va. Mar. 23, 2020).

[4] General Order 2020-07, *In re: Extension to the Modifications of Court Operations: Supplemental to General Orders 2020-02 and 2020-03*, No. 2:20mc7 (E.D. Va. Mar. 24, 2020).

[5] General Order No. 2020-12, *In re: Court Operations Under the Exigent Circumstances Created by the Outbreak of Coronavirus Disease 2019 (COVID-19): Updates to the Modifications of Court Operations and Extension of the Postponement of In-Person Proceedings*, No. 2:20mc7 (E.D. Va. Apr. 10, 2020).

Davis ordered that all persons entering any courthouse in this district wear a covering over their nose and mouth when in common areas and remain at least six feet apart at all times.[6]

On May 26, 2020, Chief Judge Davis ordered that, although non-emergency, in-person proceedings could resume in this district on a limited basis, criminal jury trials would be further continued until July 7, 2020, because such trials "involve additional exposure risks that necessitate a further reduction in COVID-19 cases within our District before they can be safely conducted."[7] Chief Judge Davis both reiterated his earlier Speedy Trial findings and further explained that: (1) Virginia had relaxed, but not fully rescinded, its stay-at-home order based on a phased reopening plan, with localities in three of the four divisions of this district remaining in "Phase Zero"; (2) the multiple transfers of detained defendants during a multi-day or multi-week trial increases the risk of spreading COVID-19 to those defendants, the U.S. Marshals, jail officials, and other inmates; and (3) bench conferences during trials prove impracticable under current social distancing guidelines. *See* General Order No. 2020-16, at 14-15. Chief Judge Davis explained that the additional time would also allow the Court to develop plans to safely conduct jury trials, which likely would require the use of multiple courtrooms, limiting the number of trials that may be conducted at any given time. *See id.* at 4, 15. Based on these findings, Chief Judge Davis excluded the period from June 11, 2020, to July 6, 2020, from the speedy trial calculation. *See id.* at 15 n.10.

---

[6] General Order No. 2020-12, *In re: Court Operations Under the Exigent Circumstances Created by the Outbreak of Coronavirus Disease 2019 (COVID-19): Face Coverings and Social Distancing in Courthouses Across the District*, No. 2:20mc7, at 4 (E.D. Va. May 14, 2020).

[7] General Order No. 2020-16, *In re: Court Operations Under the Exigent Circumstances Created by the Outbreak of Coronavirus Disease 2019 (COVID-19): Phased Expansion of Court Operations*, No. 2:20mc7, at 3 (E.D. Va. May 26, 2020).

On June 30, 2020, Chief Judge Davis further continued all criminal jury trials until September 14, 2020, and excluded the period from July 7, 2020, to September 13, 2020, from the speedy trial calculation.[8]  Although Virginia had seen notable improvements in its COVID-19 statistics, Chief Judge Davis noted that new case counts have "plateaued" at a level presenting a high risk to the public, and newly report deaths have increased again. *See* General Order No. 2020-19, at 4-6.   Chief Judge Davis further explained that: (1) trials often involve witnesses traveling from states experiencing a rapid resurgence of COVID-19 cases or less stringent stay-at-home orders; (2) trial participants must remain in the same physical space for an entire day and cannot elect to leave the area quickly if the risk of exposure is high; (3) jurors will be especially distracted throughout the trial process; (4) trial participants may have significantly limited access to childcare services while school is not in session; (5) the Court needs additional time to process juror deferral and excusal requests to ensure that the jury pool represents a fair cross-section of the community and to perform additional screening;[9] (6) defense counsel has a limited ability to prepare for trial without easy access to or close contact with their clients; (7) government counsel faces significant obstacles coordinating the movement of witnesses, particularly incarcerated witnesses; (8) the Court may need to restrict courthouse access in the future for individuals who have traveled to COVID-19 "hotspots"; (9) the Court must modify the physical spaces in the courthouses to allow for safe trial proceedings, which includes retrofitting the courtrooms with special-ordered materials in high demand and installing courtroom technology to allow for safe bench conferences

---

[8] General Order No. 2020-19, *In re: Court Operations Under the Exigent Circumstances Created by the Outbreak of Coronavirus Disease 2019 (COVID-19): Revised Schedule for Resumption of Criminal Jury Trials*, No. 2:20mc7 (E.D. Va. June 30, 2020).

[9] In particular, COVID-19 has disproportionately affected members of the African American and Hispanic populations. *See* General Order No. 2020-19, at 10-11.

and distancing of jurors; and (10) the Court has limited funds and resources available to accomplish these required steps. *See* General Order No. 2020-19, at 3-23. Accordingly, the Court ADOPTS the findings in General Order Nos. 2020-06, 2020-16, and 2020-19.

Accordingly, the Court ADOPTS the findings in General Order Nos. 2020-06, 2020-16, and 2020-19. Considering Chief Judge Davis' findings in General Order Nos. 2020-06, 2020-16 and 2020-19, the continued prevalence of COVID-19 in Virginia, and the current outbreak projections, the Court FINDS that the ends of justice served by continuing the trial during this period outweigh the best interest of the public and defendant in a speedy trial because: (1) not granting a continuance likely will make conducting a jury trial within the current speedy trial calculation period impossible in light of the obstacles outlined in General Order Nos. 2020-06, 2020-16, 2020-19, and current social distancing requirements; (2) a miscarriage of justice likely would result from proceeding with a jury trial while COVID-19 continues to distract and disrupt the lives of jurors, defendants, attorneys, and court staff; and (3) even if a jury trial could be held earlier, it would be unreasonable to expect adequate trial preparation while defendants, attorneys, and witnesses remain under "safer-at-home" and other social distancing and mobility restrictions for the foreseeable future. *See* § 3161(h)(7)(A).

Thus, the Court EXCLUDES the period through September 13, 2020, from the speedy trial calculation in this matter.[10] Because no days have elapsed for the purposes of the speedy trial

---

[10] Indeed, courts facing analogous circumstances have relied on the ends-of-justice continuance to exclude trial delays from the speedy trial calculation. *See, e.g.*, *United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (affirming speedy trial continuance justified in part by the effect of Hurricane Katrina); *Furlow v. United States*, 644 F.2d 764, 768-69 (9th Cir. 1981) (affirming ends-of-justice continuance justified by eruption of Mt. St. Helens); *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding a period of time following September 11 terrorist attacks on New York City from speedy trial calculation).

calculation, the Court has until November 23, 2020, to begin the trial in this case.[11]

The parties, however, have indicated that the evidence the parties need to review in this case is voluminous and complex. Considering this case's complex nature, the Court FINDS that that the ends of justice served by continuing the trial outweigh the best interest of the public and the defendants in a speedy trial in this case. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(ii). The Court, therefore, SCHEDULES this case for a jury trial beginning on January 4, 2021, at 9:00 a.m.

If the outbreak of COVID-19 requires the Court to reschedule the jury trial, the Court will make further Speedy Trial Act findings at that time.

Further, the Court sets the following pretrial deadlines:

1.      Within eight (8) weeks of this Order, the following motions are due: motions (1) challenging the sufficiency of the indictment, information, warrant, or violation notice; (2) raising any issues of venue or jurisdiction; (3) for discovery or production; (4) to suppress evidence; (5) for any mental examination; (6) objecting to use by the opposing party of any particular evidence known by a party that may be subject to pretrial ruling; and (7) raising any other pretrial matter. Response briefs are due within fourteen (14) days of the filing of the motion, and rebuttal briefs are due three (3) days thereafter.

2.      All other motions are due twenty-one (21) days before trial, unless a party shows good cause for filing later.

3.      Subpoenas are due fourteen (14) days before trial.

4.      Proposed voir dire questions and jury instructions are due seven (7) days before trial. The parties shall email their proposed voir dire questions and jury instructions to Chambers. The parties must submit jury instructions both with and without citations.

---

[11] On the call, the parties agreed that the Court has until this date to commence trial.

7

5.     If the parties wish to schedule a hearing on a motion, they should contact Chambers.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 1 September 2020
Richmond, VA

/s/

John A. Gibney, Jr.
United States District Judge